IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APRIL J. HOMESLY,

                                                                   ORDER

                           Plaintiff,

                                                  13-cv-259-bbc

    v.

UNITED STATES,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff April Homesly, proceeding without counsel, filed this personal injury lawsuit against Dr. Demetria Sifakis in the Circuit Court for Dane County, Wisconsin for injuries she suffered as a result of oral surgery performed by Dr. Sifakis. In particular, plaintiff alleges that during a teeth extraction surgery performed on January 13, 2013, Dr. Sifakis injured her mouth and lips, used tools that were not sterilized, failed to give plaintiff antibiotics and generally acted unprofessionally, causing plaintiff to experience significant pain and suffering.

      The United States removed the case to this court under 42 U.S.C. § 233(c) on the ground that Dr. Sifakis was acting within the scope of her employment as an employee of the United States Public Health Service at the time of the incident out of which plaintiff's claims arose. The court subsequently granted a motion to substitute the United States as the proper defendant under § 233(c) and 28 U.S.C. § 2679(d)(2). As a result, plaintiff's

negligence claim is actually a claim under the Federal Tort Claims Act, which makes the federal government liable for acts or omissions by its employees that would be torts in the state in which they occurred had they been committed by someone other than a federal employee. 28 U.S.C. § 2674. See also 42 U.S.C. § 233 (plaintiff suing for personal injury as result of actions taken by employee of Public Health Service while acting within scope of employment must bring claim under Federal Tort Claims Act); Jackson v. Kotter, 541 F.3d 688, 693 (7th Cir. 2008).

The United States has now moved for summary judgment on plaintiff's claims on the ground that plaintiff did not present an administrative tort claim to the Department of Health and Human Services relating to the allegations of the complaint before bringing this lawsuit. Dkt. #6. As the United States explains in its motion, an injured party must present an administrative tort claim before the appropriate federal agency to give the agency an opportunity to investigate and act on that claim before she can sue the United States under the Federal Tort Claims Act. 28 U.S.C. § 2675(a); Glade ex rel. Lundskow v. United States, 692 F.3d 718, 723 (7th Cir. 2012). In this case, the appropriate federal agency is the Department of Health and Human Services because the Public Health Service is a division of that department.

I am granting the motion for summary judgment. The United States submitted a declaration from a senior attorney at the Department of Health and Human Services stating that there is no record of any administration claim from plaintiff. Dkt. #9. Plaintiff did not respond to the motion for summary judgment and has not denied that she failed to file an

administrative claim. Therefore, it is undisputed that plaintiff failed to satisfy the prerequisite of filing an administrative claim before bringing suit. As a result, her complaint must be dismissed.

ORDER

IT IS ORDERED that defendant the United States's motion for summary judgment, dkt. #6, is GRANTED. Plaintiff April Homesly's claims are DISMISSED WITHOUT PREJUDICE for her failure to file an administrative claim before filing suit. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 22d day of July, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge